UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MICHAEL L. FERRARO**, and **ROBYN A. FERRARO**, Husband and Wife, Plaintiffs, vs. **HYUNDAI CAPITAL AMERICA, INC. D/B/A KIA FINANCE AMERICA**, Defendant(s). | Case No.: 8:24-cv-1473 **COMPLAINT FOR VIOLATION OF THE: FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET. SEQ.** **TRIAL BY JURY DEMANDED** |

   **COMES NOW, PLAINTIFFS, MICHAEL L. FERRARO** and **ROBYN A. FERRARO,** by and through the undersigned attorney, and hereby sues **DEFENDANT**, **HYUNDAI CAPITAL AMERICA, INC. D/B/A KIA FINANCE AMERICA** and in support states:

**PRELIMINARY STATEMENT**

   The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate consumer reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq, to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."  The Defendant KIA is a furnisher as that term is defined pursuant to the FCRA, and alleges the following;

## PARTIES

1. The Plaintiffs, **MICHAEL L. FERRARO** and **ROBYN A. FERRARO**, (hereinafter "Plaintiffs"), were at all times mentioned: natural persons; over the age of 18; sui juris; citizens of the United States; residents of the City of Sarasota, Sarasota County, Florida; and are consumers as defined pursuant to 15 U.S.C. §1681a(c).

2. The Defendant, **HYUNDAI CAPITAL AMERICA, INC. D/B/A KIA FINANCE AMERICA** ( hereinafter "KIA") is a Corporation of the State of Florida which is registered and authorized to do business in the State of Florida as Kia Finance America, and conducts business throughout the State of Florida, including Sarasota County, and in the ordinary course of business furnishes information relating to consumers to one or more consumer reporting agencies and is subject to U.S.C. 1681s-2 and a "person" as defined pursuant to 15 U.S.C. §1681a(b)..

## JURISDICTION AND VENUE

3. This is a civil action arising out of the Defendant's willful, intentional violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681, et. seq.

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's § 1681 claim, and 15 U.S.C. § 1681 p.

5. Personal jurisdiction over the Defendant is proper as the Defendant is registered with the State of Florida as a foreign corporation doing business in the State of Florida, including but not limited to Sarasota County, Florida.

6. Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as the Plaintiffs reside within the jurisdiction of the Middle District; All acts and omissions which give rise to the present cause of action occurred and the cause of action accrued within the jurisdiction of the Middel District; and at all times mentioned the Defendants were and are currently actively conducting business with the jurisdiction of the Middle District.

## GENERAL ALLEGATIONS

7. On or about January 14, 2023 the Plaintiffs leased a 2023 KIA Telluride through Courtesy Kia of Bradon, which was then serviced by the Defendant.

8. On or about March 10, 2023 the Plaintiff was notified that an error had occurred due to the an incorrect VIN number being noted within the same and that another lease would need to be signed, which the Plaintiffs did comply by signing the revised Lease agreement.

9. The Plaintiffs made all of their payments on time, however, on or about October 16, 2023, the Plaintiffs being dissatisfied with the vehicle sought to refinance the lease of the vehicle with the dealer Courtesy Kia of Brandon and were informed that their credit rating was 579 or lower, and that they could not complete the transaction.

10. The Plaintiffs were shocked to discover that the Defendant had reported that no payments were made, and hence their credit rating reflected that they were in default for approximately 5 months.

11. That the Plaintiffs own and operate a small business and rely upon being able to obtain credit to operate the same.

12. Upon notifying the Defendant of the misrepresentations to the credit reporting agencies, and demanding the same be corrected, the Defendant refused to correct the error, and referred

the Plaintiffs to the dealer, claiming that they were not responsible and could not correct the errors and refusing to even conduct an investigation into the matter.

13. The Defendant has a long history of failing to apply payments to the correct account or at all, and albeit being subject to sanctions by Consumer Financial Protection Buruea (CFPB) in 2023 have utterly failed to correct the numerous deficiencies in their reporting and due its faulty reporting system failed to report accurate information to the credit reporting agencies in violation of 15 U.S.C. § 1681s-2(b)(1)(D).

14. Additionally, the Defendant's failure to correct and update Plaintiffs information is in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

15. The Defendants actions were with knowledge and in willful disregard of its duty pursuant to the FCRA, and intentionally failed to take proper measure to correct the information after being notified of the same, albeit being subject to sanctions for the very acts and omissions present in this case as was the findings of the CFPB noted *supra*.

16. The Plaintiff has performed all conditions precedent, or they have otherwise occurred or been waived.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681, ET. SEQ.

17. The Plaintiff hereby incorporates and realleges allegations 1 through 16 as if fully set forth herein.

18. That Plaintiff hereby sues Defendant KIA for violation of the FCRA.

19. Plaintiffs are entitled to actual damages in addition to statutory damages of $1,000.00 for each violation, including but not limited to each entry and each month of reporting misinformation regarding the Plaintiff's payments, as the same were willful and the Defendant

has failed to correct and fix the numerous issues with their reporting system as was ordered by the CFPB.

20. That as the direct and proximate cause of Defendant's flagrantly willful and intentional disregard of its duty to the Plaintiffs pursuant to the FCRA, as evidence by its acts and omissions noted herein, the Plaintiffs have suffered actual, pecuniary, incidental/consequential damages, including but not limited time expended by Plaintiff's to get Defendant to correct the false information, attorneys fees , loss of credit and potential credit, mental and emotional distress, anguish, humiliation and embarrassment associated with the reporting of misinformation by the Defendant, lost profits, and harm to their reputation in the community.

21. That the Plaintiffs are obligated to pay the undersigned's reasonable fees and Defendant is liable for the payment of the same pursuant to 15 U.S.C. §1681o(a)(2).

**WHEREFORE**, **PLAINTIFFS, MICHAEL L. FERRARO** and **ROBYN A. FERRARO**, respectfully demand judgment be entered against Defendant for:

a. Actual damages, in an amount to be determined by a jury at trial for each willful noncompliance with the FRCA pursuant to 15 U.S.C. §1681n(a)(1)(A);

b. $1,000.00 statutory damages for each incident of willful noncompliance of the FCRA pursuant to 15 U.S.C. §1681n(a)(1)(A);

c. Punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

d. Actual damages, in an amount to be determined by a jury at trial for each negligent noncompliance with the FRCA pursuant to 15 U.S.C. §1681o(a)(1);

e. Attorneys' fees and costs pursuant to 15 U.S.C. §§1681n(a)(3); 1681o(2).;

  f. Compensatory damages, including but not limited to loss of income, interest, mental distress/anguish, embarrassment/humiliation and loss of reputation of credit worthiness; and

  g. Any further relief this Court deems just and proper.

*PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE*

Dated this Tuesday, June 18, 2024.

 */s/Michael T. Robertson*
Michael T. Robertson, Esq.
FBN:0157392
Law Office of Michael T. Robertson, Esq.
2201 Ringling Blvd. Ste. 205
Sarasota, Florida 34237
PH: (941) 365-7220
Email: MTRobertson@lomtr.com
Attorney for: *Plaintiff*